UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DISTRICT

| | |
|---|---|
| KASIE C. TADLOCK | CIVIL ACTION |
| VERSUS | NO. _____ |
| NORTHSHORE EMS, LLC AND DANIEL WILLIAMS | STATE OF LOUISIANA |

## COMPLAINT

The Complaint of Kasie C. Tadlock, an individual residing in the Parish of Washington, State of Louisiana, with respect represents:

1.

Made defendants herein are:

a.  Northshore EMS, LLC ("Northshore EMS"), a limited liability corporation formed under Louisiana Law, whose domicile address and principle place of business is 153 Montgomery Street, Bogalusa, Louisiana 70427, in Washington Parish, Louisiana;

b.  Daniel Williams, whose exact domicile is unknown, but who is the facility manager of Northshore EMS at the above location.

## JURISDICTION

2.

This court has federal question jurisdiction over this matter under Title VII of the Civil Rights Act of 1964 and supplemental jurisdiction over the pendent state law

claims, La.R.S. 23:301 et seq., based on the allegations below.  This court further has supplemental jurisdiction over the claims made against Daniel Williams under state law.

3.

Plaintiff, who is a female, filed a charge of sexual discrimination with the EEOC on January 7, 2009, alleging that her employment was terminated on account of her refusal and disclosure to others of sexual advances toward her by Daniel Williams. EEOC issued a right to sue letter on September 14, 2009.

4.

Plaintiff gave the 30 day notice required by La.R.S. 23:301 et seq.

## VENUE

5.

Venue is established because the unlawful employment practices alleged in this complaint were committed in the Parish of Washington, State of Louisiana.

## FACTUAL ALLEGATIONS

6.

At all times material, Northshore EMS was the employer of the Plaintiff, with 20 or more employees for at least 20 or more weeks during the current or preceding calendar year.

7.

At all times material, Plaintiff was an employee of Northshore EMS.

8.

On or about September 28, 2008, Northshore EMS hired Plaintiff as a dispatcher.

9.

At all times material, Plaintiff worked for Northshore EMS at its facility located in Bogalusa, Washington Parish, Louisiana.

10.

On November 26, 2008, Plaintiff was discharged from her employment with Northshore EMS.

11.

At all times material, Daniel Williams served as the facility manager for Northshore EMS at the Bogalusa facility.

12.

At all times material, Daniel Williams was the supervisor in charge of the facility and had the power to take tangible employment action against the Plaintiff.

13.

Commencing on October 12, 2008 and continuing throughout her employment with Northshore EMS, Daniel Williams made numerous and repeated sexual advances

toward Plaintiff, including requests for sex and sexual favors, that Plaintiff "flash" her breasts for him, which would result in him providing her with employment and other advantages. In addition, Williams put Plaintiff's picture as a screensaver on his computer and sent numerous text messages and made numerous cell phone calls of a vile and gross sexual nature to Plaintiff.

14.

The above described conduct of Williams was unwelcomed by and offensive to Plaintiff and to any reasonable person.

15.

The advances by Williams not only to Plaintiff, but similar advances to others created a workplace permeated with sexual discrimination, ridicule and insult sufficiently severe to alter the conditions of the Plaintiff's employment and created an abusive environment, which was known or should have been known by Northshore EMS.

16.

On information and belief, Daniel Williams knew that his conduct was prohibited by law due to prior claims filed and complaints made, but he acted in malice or reckless disregard of the rights of Plaintiff under federal and state law.

17.

The Plaintiff sought the counsel of her co-employees as to how to respond to

these repeated inappropriate advances and word got back to Dan Williams.

18.

Northshore EMS offered Plaintiff no method and no one other than Daniel Williams to whom she could report the unwelcome sexual advances.

19.

The Plaintiff was terminated at least in part as a result of her refusal of the advances and/or confiding some of these to her co-employees.

20.

The rejection and/or disclosure of the sexual advances of Daniel Williams resulted in tangible employment action against the Plaintiff by Defendant, including termination on 11/26/2008.

21.

On information and belief, Daniel Williams and Northshore EMS negligently provided false or misleading information following termination to prospective employers of Kasie Tadlock, resulting in the continued unemployment of the Plaintiff.

22.

Substantially equivalent employment is unavailable to Plaintiff.

23.

Plaintiff has suffered emotional distress intentionally inflicted by Daniel Williams and suffered mental injury not compensable under the Workers'

Compensation Laws of the State of Louisiana due to his negligence, and the negligence of Northshore EMS.

24.

As a result of the above, Plaintiff has suffered reputational injury causing a loss of earning capacity.

25.

As a result of the above, Plaintiff has suffered a loss of past and future earning capacity.

26.

As a result of the above, Plaintiff has sufficient emotional distress, embarrassment and humiliation.

27.

The Plaintiff is entitled to compensatory damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

28.

The Plaintiff is entitled to punitive damages under state and federal law.

29.

The Plaintiff is entitled to back pay and fringe benefits (including the EMS training part and parcel of her job), front pay and fringe benefits, attorneys fees and costs of litigation under state and federal law.

30.

The Plaintiff is entitled to legal interest under state law or pre-judgment and post-judgment interest under federal law, whichever is greater.

31.

Plaintiff requests a jury trial as to all issues triable to a jury.

WHEREFORE, Plaintiff respectfully prays that the court enter a judgment against the Defendants in favor of the Plaintiff for the requested relief and all costs and further relief as the court deems just and equitable.

Respectfully Submitted:

PROVOSTY, SADLER, deLAUNAY,
FIORENZA & SOBEL

BY: _____
JOSEPH J. BAILEY (#19470)
934 Third Street, Suite 801
Capital One Bank Building
Post Office Drawer 1791
Alexandria, LA 71309
Telephone: (318) 445-3631
Facsimile: (318) 445-9377

ATTORNEY FOR KASIE C. TADLOCK